UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dylan John Earick,

        Plaintiff,                       Case No. 5:21-cv-11540

v.

                                         Hon. Judith E. Levy
F. Kay Behm, *et al.*,                United States District Judge

        Defendants.                   Mag. J. Patricia T. Morris

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Before the Court is Plaintiff Dylan John Earick's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. (ECF No. 1.) Earick, a pre-trial detainee who, at the time this case was filed, was confined at the Genesee County Jail in Flint, Michigan,[1] is proceeding without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). (ECF No. 5.) Earick is suing Defendants F. Kay Behm and Paul Fehrman in their official and individual capacities for slander and violation of his due process rights during a court hearing in December 2020.

---

[1] Plaintiff is currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan.
*See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=681676.

As explained further below, the Court dismisses the complaint because both defendants are immune from suit, and the complaint is frivolous and fails to state a claim upon which relief may be granted.

## I. Background

Earick's complaint is brief. He alleges that during a Zoom (video) court hearing which was held on December 1, 2020, Defendant Prosecutor Paul Fehrman declared Earick to be a sex offender. (Compl., ECF No. 1., PageID.2.) Earick disputes this allegation. He states further than Defendant F. Kay Behm, the judge presiding over the hearing elected to take no action against Fehrman. Earick characterizes Behm's failure to act "effectively aid[ing] and abet[ting]" Fehrman's slander. (*Id.* at PageID.3.)

Earick's request for relief includes a federal criminal inquiry into Defendants' conduct, their removal from involvement in his criminal case, money damages, and personal protective orders. (*Id.* at PageID.4.)

## II. Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to dismiss on its own an *in forma pauperis* complaint before service if it determines that the action is frivolous, malicious, fails to state

a claim upon which relief can be granted, or seeks monetary relief from defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Federal Rule of Civil Procedure 8(a) requires a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal citation omitted). Rule 8's pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned,

3

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 at 662 (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). And "naked assertion[s] devoid of further factual enhancement," will not survive screening. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. 662, 678).

"A complaint can be frivolous either factually or legally." *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (citing *Hill v. Lappin*, 630 F.3d at 470). The former is found "when [the complaint] relies on 'fantastic or delusional' allegations"; the latter, "when 'indisputably meritless' legal theories underlie the complaint." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp.*

of Am., 102 F.3d 810, 814 (6th Cir. 1996)). *Pro se* civil rights complaints are construed liberally. *See Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010).

### III. Analysis

Earick's complaint does not survive screening under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a). First, Earick alleges Defendant Behm, the state circuit court judge presiding over Plaintiff's criminal case, failed to hold Defendant Fehrman in contempt for his conduct during a court proceeding, and therefore aided and abetted Fehrman's slander of Earick. (ECF No. 1, PageID.3.) However, judges enjoy absolute immunity "from § 1983 suits arising out of their performance of judicial functions." *Huffer v. Bogen*, 503 F. App'x 455, 458 (6th Cir. 2012) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)).

Judicial immunity may be overcome only when a defendant is not acting as a judge, or when the conduct, though judicial, occurs despite the complete absence of subject-matter jurisdiction. *See Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). Neither exception applies. The conduct alleged here occurred during the course of a motion hearing, indicating Behm was

5

acting in her judicial capacity. And there is no indication the court lacked jurisdiction over Earick's criminal case.

Earick has further failed to state a claim upon which relief may be granted against Behm. He alleges she violated his statutory and constitutional rights by failing to hold the prosecutor in contempt. However, "[l]iability in a § 1983 action cannot be premised upon passive behavior or an alleged failure to act, rather liability must be based upon active unconstitutional behavior." *Porter v. Caruso*, 479 F. Supp. 2d 687, 700 (W.D. Mich. 2007) (citing *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir.1998)); *see also Green v. Barber*, 310 F.3d 889, 899 (6th Cir.2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999).

Defendant Fehrman is also immune from suit. "Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," including "presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Cooper*, 203 F.3d at 947 (absolute immunity applies when the prosecutor acts "as an advocate for

6

the state"). Earick alleges that Fehrman slandered him during a motion hearing in his criminal case, which is clearly associated with the "judicial phase of the criminal process." *Imbler*, *supra*. Fehrman is thus immune from Earick's claims.

Finally, Earick's allegations against Fehrman fail to state a claim upon which relief may be granted under section 1983, because defamation claims are matters of state law and do not involve the violation of federal or constitutional rights. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); *Collier v. Austin Peay State Univ.*, 616 F. Supp. 2d 760, 775 (M.D. Tenn. 2009) (claims for libel and slander are not cognizable under § 1983); *see also Harper v. (Unknown) Arkesteyn*, No. 19-1928, 2020 WL 4877518, *2 (6th Cir. April 28, 2020) ("§ 1983 does not provide redress solely for state law violations such as defamation").

## IV. Conclusion

For the reasons set forth above, **IT IS ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** because the defendants

are immune, the claims are frivolous, and Plaintiff has failed to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

Dated: January 17, 2023　　　　　s/Judith E. Levy
　　　Ann Arbor, Michigan　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 17, 2023.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager